FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

MAR 1 8 2013

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

1  DAVID C. SHONKA
   ACTING GENERAL COUNSEL
2
   JAMES DAVIS
3  jdavis@ftc.gov
   Federal Trade Commission
4  55 West Monroe Street, Suite 1825
   Chicago, Illinois 60603
5  Telephone: (312) 960-5634
   Facsimile: (312) 960-5600
6
   MARICELA SEGURA, CA Bar No. 225999
7  msegura@ftc.gov
   FEDERAL TRADE COMMISSION
8  10877 Wilshire Blvd., Suite 700
   Los Angeles, CA 90024
9  Telephone: (310) 824-4343
   Facsimile: (310) 824-4380
10 Attorneys for Plaintiff
   FEDERAL TRADE COMMISSION
11
                    UNITED STATES DISTRICT COURT
12                 CENTRAL DISTRICT OF CALIFORNIA

13 | FEDERAL TRADE COMMISSION,      Case No. SACV 13-00381 AG (JEMx)
14 |                    Plaintiff,
                                    ~~[Proposed]~~
15 |              v.                PRELIMINARY INJUNCTION AS TO
                                    DEFENDANT SANDRA SKIPPER
16 | PHILLIP FLORA, et al.,
17 |                    Defendants.
18 |
19 |

20       Plaintiff, the Federal Trade Commission ("FTC" or "Commission") filed its

21 Complaint for Permanent Injunction and Other Equitable Relief in this matter,

22 pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15

23 U.S.C. § 53(b).  The FTC also filed an application for a noticed *ex parte*

24 Temporary Restraining Order with Other Equitable Relief and Order to Show

25 Cause Why A Preliminary Injunction Should Not Issue ("TRO"), which the Court

26 granted on March 6, 2013.

27

28

Plaintiff and defendant Sandra Skipper, having stipulated to entry of a preliminary injunction, and for good cause shown, the Court hereby enters this Preliminary Injunction:

1.      This Court has jurisdiction over the subject matter of this case and over the Stipulating Defendant.

2.      Venue, process, and service of process are proper.

3.      There is good cause to believe that the Stipulating Defendant has engaged in, and is likely to engage in the future in, acts and practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and that the Commission is therefore likely to prevail on the merits of this action.

4.      There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for consumers in the form of monetary restitution will occur from the sale, transfer, assignment, or other disposition or concealment by the Stipulating Defendant of her assets or records unless the Stipulating Defendant is restrained and enjoined by order of this Court. Therefore, there is good cause for the entry of the ancillary relief contained in this Order, including an order preserving the Stipulating Defendant's assets and prohibiting the Stipulating Defendant from destroying records.

5.      Weighing the equities and considering the Commission's likelihood of ultimate success, this Preliminary Injunction Order is in the public interest.

6.      No security is required of any agency of the United States for the issuance of a preliminary injunction.  *See* Fed. R. Civ. P. 65(c).

## DEFINITIONS

For purposes of this Stipulated Preliminary Injunction ("Order"), the following definitions shall apply:

1.      **"Asset"** or **"Assets"** means any legal or equitable interest in, right to, or claim to, any real or personal property, including, but not limited to, "goods," "instruments," "equipment," "fixtures," "general intangibles," "inventory,"

"checks," or "notes" (as these terms are defined in the Uniform Commercial Code), lines of credit, chattels, leaseholds, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, and all cash, wherever located.

2.    **"Assisting others"** includes, but is not limited to: (a) performing customer service functions, including, but not limited to, receiving or responding to consumer complaints; (b) formulating or providing, or arranging for the formulation or provision of, any sales script or other marketing material; (c) providing names of, or assisting in the generation of, potential customers, including, but not limited to, the sending of text messages or email messages; (d) verifying, processing, fulfilling, or arranging for the fulfillment of orders; (e) performing or providing marketing, billing, or collection services of any kind, including, but not limited to, creating, hosting, or maintaining websites, or recruiting affiliates; or (f) acting as an officer or director of a business entity.

3.    **"Defendants"** means Phillip Flora, Kevin Beans, Sandra Skipper and Dakota Geffre, doing business as Seaside Building Marketing and SB Marketing, individually, collectively, or in any combination.

4.    **"Document" or "Documents"** means any materials listed in Federal Rule of Civil Procedure 34(a) and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, into reasonably usable form through detection devices. A draft or nonidentical copy is a separate Document within the meaning of the term.

5.    **"Electronic data host"** means any person or entity that stores, hosts, or otherwise maintains electronically stored information or computer equipment.

6.    **"Internet service provider"** means a company that provides third parties with access to the Internet.

7.    **"Material"** means likely to affect a person's choice of, or conduct

3

regarding, goods or services.

8.     **"Person"** means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

9.     **"Plaintiff"** means the Federal Trade Commission ("Commission" or "FTC").

10.    **"Stipulating Defendant"** means Defendant Sandra Skipper, doing business as Seaside Building Marketing and SB Marketing.

11.    **"Unauthorized or Unsolicited Commercial Electronic Text Message"** means an unauthorized or unsolicited text message the primary purpose of which is a commercial advertisement or promotion of a commercial product or service (including the content on an Internet website operated for commercial purposes).

## I.
## PROHIBITED BUSINESS ACTIVITIES
## RELATING TO ANY PRODUCT, SERVICE, OR PROGRAM

**IT IS THEREFORE ORDERED** that the Stipulating Defendant, and her officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, in connection with the advertising, marketing, promotion, offering for sale, or sale of any product, service, or program, are hereby temporarily restrained and enjoined from:

A.     Misrepresenting, or assisting others in misrepresenting, expressly or by implication, any material fact, including, but not limited to, that consumers have won a contest or have been specifically selected to receive a gift or prize that is "free" or without cost or obligation;

B.     Failing to disclose or disclose adequately to consumers the material

4

terms and conditions of any offer, including, but not limited to:

      1.    that consumers must pay money or other consideration to receive the gift or prize; and

      2.    the costs and obligations to receive the gift or prize.

## II.

### PROHIBITION ON MAKING UNAUTHORIZED OR UNSOLICITED COMMERCIAL ELECTRONIC TEXT MESSAGES

**IT IS FURTHER ORDERED** that the Stipulating Defendant, and her officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, in connection with the advertising, marketing, promotion, offering for sale, or sale of any product, service, or program, are hereby temporarily restrained and enjoined from making or initiating, or procuring the transmission of, or assisting others in making or initiating, or procuring the transmission of, unauthorized or unsolicited commercial electronic text messages to mobile telephones and other wireless devices.

## III.

### ASSET PRESERVATION

**IT IS FURTHER ORDERED** that:

    A.    Stipulating Defendant, and her officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, are hereby temporarily restrained and enjoined from directly or indirectly selling, transferring, alienating, liquidating, encumbering, pledging, loaning, assigning, concealing, dissipating, converting, withdrawing or

1   making any other disposition of any assets or any interest therein, wherever
2   located, including any assets outside the territorial United States, that are owned,
3   controlled or held by, or for the benefit of, in whole or in part, the Stipulating
4   Defendant, or in the actual or constructive possession of the Stipulating Defendant,
5   other than those assets that are used for actual, ordinary, and necessary business or
6   living expenses that the Stipulating Defendant reasonably incurs.

7       B.    The assets affected by this Section shall include both existing assets
8   and assets acquired after the effective date of this Order.

9       C.    Notwithstanding Section III.A above, the Stipulating Defendant may
10  withdraw, transfer, encumber, or otherwise dissipate assets in excess of two
11  thousand dollars ($2,000) per calendar month only with prior written agreement by
12  counsel for the Commission, or prior approval by the Court.

13      D.    To the extent that the Stipulating Defendant withdraws, transfers,
14  encumbers, or otherwise dissipates assets pursuant to Section III.A of this Order,
15  he shall provide an accounting of her expenses to counsel for the Commission for
16  each calendar month.

17                                    **IV.**

18                   **FINANCIAL REPORTS AND ACCOUNTING**

19      **IT IS FURTHER ORDERED** that no later than ten (10) calendar days after
20  entry of this Order, the Stipulating Defendant shall provide to counsel for the
21  Commission:

22      A.    A completed financial statement accurate as of the date of entry of this
23  Order, in the form provided as **Attachment A** signed under penalty of perjury.
24  The financial statement shall include assets held outside the territory of the United
25  States, shall be accurate as of the date of the entry of this Order, and shall be
26  verified under oath.  The Stipulating Defendant shall attach to this completed
27  financial statement copies of all local, state, provincial, and federal income and
28  property tax returns, with attachments and schedules, as called for by the

1  instructions to the financial statement; and

2        B.    A detailed accounting, verified under oath, of:

3           1.    the names of all products, services or programs advertised,

4  marketed, promoted, offered for sale, sold, or distributed since January 1, 2011;

5           2.    gross revenues and net profits (in U.S. Dollars) obtained from

6  the advertising, marketing, promotion, offering for sale, or sale of each product,

7  service, or program identified in Subsection IV.B.1 above, from inception of the

8  advertising, marketing, promotion, offering for sale, or sale of that product,

9  service, or program through the date of entry of this Order; and

10           3.    the name, address, telephone number, e-mail address, website

11  address, and contact person of each entity or person that: (i) supplied,

12  manufactured, formulated, or created any product, service, or program that is

13  advertised, marketed, promoted, offered for sale, sold, or distributed by or on

14  behalf of Defendants, (ii) provided any order fulfillment services of any kind,

15  including, but not limited to, drop shipping, mailing, and/or distributing products,

16  for or on behalf of Defendants, or (iii) paid Defendants, whether directly or

17  indirectly, related to Defendants' advertisement, marketing, promotion, offering

18  for sale, or sale of any product, service, or program.

19  **V.**

20  **POSTING NOTICE OF LAWSUIT ON AND PRESERVING WEBSITES**

21       **IT IS FURTHER ORDERED** that, immediately upon entry of this Order,

22  the Stipulating Defendant, and her officers, agents, servants, employees, and

23  attorneys, and all other persons in active concert or participation with any of them,

24  who receive actual notice of this Order by personal service or otherwise, whether

25  acting directly or through any trust, corporation, subsidiary, division, or other

26  device, or any of them, and any other person or entity served with a copy of this

27  Order, shall:

28        A.    Immediately take whatever action is necessary to ensure that any

1  website used by the Stipulating Defendant for the advertising, marketing,

2  promotion, offering for sale, or sale of any product, service or program shall

3  prominently display the following statement:

4      The Federal Trade Commission ("FTC") has filed a lawsuit against
       Defendants Phillip Flora, Kevin Beans, Sandra Skipper, and Dakota
5      Geffre, doing business as Seaside Building Marketing and SB
       Marketing, alleging that they have engaged in deceptive and unfair
6      practices relating to the advertising, marketing, promotion, offering
       for sale, or sale of products, services or programs, including
7      purportedly "free" merchandise such as $1000 gift cards. The United
       States District Court for the Central District of California has issued a
8      preliminary injunction order prohibiting the alleged practices. You
       may obtain additional information directly from the FTC at
9      www.ftc.gov/opa/2013/03/textmessages.shtm;

10  Each website carrying this message shall also provide the following hypertext link:

11  www.ftc.gov/opa/2013/03/textmessages.shtm;

12      B.    Prevent the destruction or erasure of any website used by the

13  Stipulating Defendant for the advertising, marketing, promotion, offering for sale,

14  sale, or provision of any product, service, or program by preserving such websites

15  in the format in which they are maintained currently, except for the notice required

16  by Subsection A of this Section; and

17      C.    Immediately notify counsel for the Commission of all websites

18  operated or controlled by the Stipulating Defendant.

19                                    **VI.**

20                        **PRESERVATION OF RECORDS
                    AND EQUIPMENT; REPORT OF NEW BUSINESS ACTIVITY**
21
        **IT IS FURTHER ORDERED** that the Stipulating Defendant and her
22
    officers, agents, servants, employees, and attorneys, and all other persons in active
23
    concert or participation with any of them who receive actual notice of this Order by
24
    personal service or otherwise, whether acting directly or through any trust,
25
    corporation, subsidiary, division, or other device, or any of them, are hereby
26
    temporarily restrained and enjoined from:
27
        A.    Failing to create and maintain books, records, accounts, bank
28

1  statements, current accountants' reports, general ledgers, general journals, cash
2  receipts ledgers, cash disbursements ledgers and source documents, documents
3  indicating title to real or personal property, and any other data which, in reasonable
4  detail, accurately, fairly, and completely reflect the Stipulating Defendant's
5  incomes, and the disbursements, transactions, dispositions, and uses of the
6  Stipulating Defendant's assets;

7     B.     Destroying, erasing, mutilating, concealing, altering, transferring, or
8  otherwise disposing of, in any manner, directly or indirectly, any documents,
9  including electronically-stored materials and any data on mobile devices or other
10 equipment used in sending commercial electronic text messages, that relate in any
11 way to: the business practices or business or personal finances of the Stipulating
12 Defendant; the business practices or finances of entities directly or indirectly under
13 the control of the Stipulating Defendant; or the business practices or finances of
14 entities directly or indirectly under common control with any other Defendant;

15    C.     Selling, transferring, destroying, damaging, altering, concealing, or
16 otherwise disposing of, in any manner, directly or indirectly, any equipment used
17 in sending commercial electronic text messages; and

18    D.     Creating, operating, or exercising any control over any business
19 entity, whether newly-formed or previously inactive, including any partnership,
20 limited partnership, joint venture, sole proprietorship, or corporation, without first
21 providing the Commission with a written statement disclosing: (1) the name of the
22 business entity; (2) the address, telephone number, e-mail address, and website
23 address of the business entity; (3) the names of the business entity's officers,
24 directors, principals, managers, and employees; and (4) a detailed description of
25 the business entity's intended activities.

26
27
28

9

## VII.

### IDENTIFICATION OF ELECTRONIC DATA HOSTS, TELEPHONE NUMBERS AND INTERNET SERVICE PROVIDERS

**IT IS FURTHER ORDERED** that the Stipulating Defendant shall:

A.     Provide counsel for the Commission, within five (5) business days of entry of this Order, with a sworn statement disclosing the name and location of any electronic data host, and the location of computer equipment, related to the Stipulating Defendant's initiation, procurement, or transmission of commercial electronic text messages, and describing, to the extent known, the make(s) and model(s) of the computer equipment, as well as the operating system(s) in use, and the number, size, and capacity of any mass storage arrays or devices;

B.     Serve this Order on any such electronic data host, and inform any such electronic data host that:

      1.     Any data that they host, store or otherwise maintain that is related to the Stipulating Defendant's initiation, procurement, or transmission of commercial electronic text messages is the subject of litigation involving the Commission; and

      2.     The electronic data host has a duty to preserve all records related to the Stipulating Defendant's initiation, procurement, or transmission of commercial electronic text messages;

C.     Provide counsel for the Commission, within five (5) business days of the entry of this Order, with a sworn statement disclosing the identity of any Internet service provider and attaching the account records for the Stipulating Defendant identifying the IP addresses and hosts accessing any of the Stipulating Defendant's accounts for the last three years; and

D.     Provide counsel for the Commission, within five (5) business days of the entry of this Order, with a sworn statement identifying, by telephone number, telephone service provider, and dates of service, each telephone number used by

1  the Stipulating Defendant or her officers, agents, servants, employees, affiliates, or

2  any other persons in active concert or participation with any of them, to send

3  commercial electronic text messages to any consumer since January 1, 2011.

## VIII.

## PROHIBITION ON DISCLOSING CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that the Stipulating Defendant, and her

officers, agents, servants, employees, and attorneys, and all other persons in active

concert or participation with any of them, who receive actual notice of this Order

by personal service or otherwise, whether acting directly or through any trust,

corporation, subsidiary, division, or other device, or any of them, are hereby

temporarily restrained and enjoined from:

A.  Selling, renting, leasing, transferring, or otherwise disclosing the

name, address, birth date, telephone number, email address, Social Security

number, Social Insurance number, credit card number, bank account number, or

other financial or identifying personal information of any person from whom or

about whom any Defendant obtained such information in connection with activities

alleged in Plaintiffs' Complaint; and

B.  Benefitting from or using the name, address, birth date, telephone

number, email address, Social Security number, Social Insurance number, credit

card number, bank account number, or other financial or identifying personal

information of any person from whom or about whom any Defendant obtained

such information in connection with activities alleged in Plaintiffs' Complaint.

Provided, however, that the Stipulating Defendant may disclose such

financial or identifying personal information to a law enforcement agency or as

required by any law, regulation, or court order.

11

## IX.

### EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that pursuant to Federal Rules of Civil Procedure 30(a), 31(a), 34, and 45, and notwithstanding the provisions of Federal Rules of Civil Procedure 26(d) and (f), 30(a)(2)(A), and 31(a)(2)(A), the parties are granted leave, at any time after entry of this Order to:

A.     Take the deposition of any person, whether or not a party, for the purpose of discovering the nature, location, status, and extent of the assets of Defendants, and Defendants' affiliates and subsidiaries; the nature and location of documents reflecting the business transactions of Defendants, and Defendants' affiliates and subsidiaries; the location of any premises where Defendants, directly or through any third party, conduct business operations; the Defendants' whereabouts; and/or the applicability of any evidentiary privileges to this action; and

B.     Demand the production of Documents from any person, whether or not a party, relating to the nature, status, and extent of the assets of Defendants, and Defendants' affiliates and subsidiaries; the nature and location of documents reflecting the business transactions of Defendants, and Defendants' affiliates and subsidiaries; the location of any premises where Defendants, directly or through any third party, conduct business operations; Defendants' whereabouts; and/or the applicability of any evidentiary privileges to this action.

Three (3) days notice shall be deemed sufficient for any such deposition, five (5) days notice shall be deemed sufficient for the production of any such documents, and twenty-four (24) hours notice shall be deemed sufficient for the production of any such documents that are maintained or stored only as electronic data. The provisions of this Section shall apply both to parties to this case and to non-parties. The limitations and conditions set forth in Federal Rules of Civil Procedure 30(a)(2)(A)(ii) and 31(a)(2)(A)(ii) regarding subsequent depositions of

1  an individual shall not apply to depositions taken pursuant to this Section. Any
2  such depositions taken pursuant to this Section shall not be counted toward any
3  limit on the number of depositions under the Federal Rules of Civil Procedure or
4  the Local Rules of Civil Procedure for the United States District Court for the
5  Central District of California, including those set forth in Federal Rules of Civil
6  Procedure 30(a)(2)(A) and 31(a)(2)(A). Service of discovery upon a party, taken
7  pursuant to this Section, shall be sufficient if made through the means described in
8  Section XI of this Order.

9  ### X.

10  ### DISTRIBUTION OF ORDER BY STIPULATING DEFENDANT

11  **IT IS FURTHER ORDERED** that the Stipulating Defendant shall
12  immediately provide a copy of this Order to each of her corporations, subsidiaries,
13  affiliates, divisions, directors, officers, agents, partners, successors, assigns,
14  employees, attorneys, agents, representatives, sales entities, sales persons,
15  independent contractors, and any other persons in active concert or participation
16  with them. Within ten (10) calendar days from the date of entry of this Order, the
17  Stipulating Defendant shall serve on the Commission an affidavit identifying the
18  name, title, address, telephone number, date of service, and manner of service of
19  each person or entity the Stipulating Defendant served with a copy of this Order in
20  compliance with this provision.

21  ### XI.

22  ### SERVICE OF ORDER

23  **IT IS FURTHER ORDERED** that copies of this Order may be served by
24  any means, including facsimile transmission, electronic mail, personal or overnight
25  delivery, or by U.S. Mail, by agents and employees of the Commission, by any law
26  enforcement agency, or by private process server, upon any person that may have
27  possession or control of any document of the Stipulating Defendant, or that may be
28  subject to any provision of this Order.

## XII.

## CONSUMER REPORTING AGENCIES

**IT IS FURTHER ORDERED** that, pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), any consumer reporting agency may furnish a consumer or credit report concerning the Stipulating Defendant to the Commission.

## XIII.

## CORRESPONDENCE WITH AND NOTICE TO PLAINTIFF

**IT IS FURTHER ORDERED** that, for purposes of this Order, all correspondence and pleadings to the Commission shall be addressed to:

> James Davis, Attorney
> Federal Trade Commission
> 55 West Monroe Street, Suite 1825
> Chicago, Illinois 60603
> (312) 960-5634 [Telephone]
> (312) 960-5600 [Facsimile]

## XIV.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**IT IS SO ORDERED,** this ___ day of ___ , 2013.

_____
Honorable Andrew Guilford
United States District Judge

15

## FEDERAL TRADE COMMISSION

### FINANCIAL STATEMENT OF INDIVIDUAL DEFENDANT

**Definitions and Instructions:**

1. Complete all items. Enter "None" or "N/A" ("Not Applicable") in the first field only of any item that does not apply to you. If you cannot fully answer a question, explain why.

2. "Dependents" include your spouse, live-in companion, dependent children, or any other person, whom you or your spouse (or your children's other parent) claimed or could have claimed as a dependent for tax purposes at any time during the past five years.

3. "Assets" and "Liabilities" include ALL assets and liabilities, located within the United States or any foreign country or territory, whether held individually or jointly and whether held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

4. Attach continuation pages as needed. On the financial statement, state next to the Item number that the Item is being continued. On the continuation page(s), identify the Item number(s) being continued.

5. Type or print legibly.

6. Initial each page in the space provided in the lower right corner.

7. Sign and date the completed financial statement on the last page.

**Penalty for False Information:**

Federal law provides that any person may be imprisoned for not more than five years, fined, or both, if such person:

(1) "in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or devise a material fact; makes any materially false, fictitious or fraudulent statement or representation; or makes or uses any false writing or document knowing the same to contain any materially false, fictitious or fraudulent statement or entry" (18 U.S.C. § 1001);

(2) "in any . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true" (18 U.S.C. § 1621); or

(3) "in any ( . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information . . . knowing the same to contain any false material declaration" (18 U.S.C. § 1623).

For a felony conviction under the provisions cited above, federal law provides that the fine may be not more than the greater of (i) $250,000 for an individual or $500,000 for a corporation, or (ii) if the felony results in pecuniary gain to any person or pecuniary loss to any person other than the defendant, the greater of twice the gross gain or twice the gross loss. 18 U.S.C. § 3571.

## BACKGROUND INFORMATION

### Item 1.  Information About You

| Full Name | Social Security No. | |
|---|---|---|

| Current Address of Primary Residence | Driver's License No. | | State Issued |
|---|---|---|---|
| | Phone Numbers<br>Home: (   ) | Date of Birth:    /   /<br>(mm/dd/yyyy) | |
| | Fax:   (   ) | Place of Birth | |

☐Rent  ☐Own        From (Date):    /   /
(mm/dd/yyyy)

E-Mail Address

Internet Home Page

### Previous Addresses for past five years (if required, use additional pages at end of form)

| Address | From:    /   /<br>(mm/dd/yyyy)   Until:    /   /<br>(mm/dd/yyyy)<br><br>☐Rent  ☐Own |
|---|---|
| Address | From:    /   /      Until:    /   /<br><br>☐Rent  ☐Own |
| Address | From:    /   /      Until:    /   /<br><br>☐Rent  ☐Own |

Identify any other name(s) and/or social security number(s) you have used, and the time period(s) during which they were used:

### Item 2.  Information About Your Spouse or Live-In Companion

| Spouse/Companion's Name | Social Security No. | Date of Birth<br>  /   /<br>(mm/dd/yyyy) |
|---|---|---|
| Address (if different from yours) | Phone Number<br>(   ) | Place of Birth |
| | ☐Rent  ☐Own      From (Date):    /   /<br>(mm/dd/yyyy) | |

Identify any other name(s) and/or social security number(s) you have used, and the time period(s) during which they were used:

| Employer's Name and Address | Job Title | |
|---|---|---|
| | Years in Present Job | Annual Gross Salary/Wages<br>$ |

### Item 3.  Information About Your Previous Spouse

| Name and Address | Social Security No. |
|---|---|
| | Date of Birth<br>  /   /<br>(mm/dd/yyyy) |

### Item 4.  Contact Information (name and address of closest living relative other than your spouse)

| Name and Address | Phone Number<br>(   ) |
|---|---|

Initials: _____

## Item 5.  Information About Dependents (whether or not they reside with you)

| Name and Address | Social Security No. / / | Date of Birth / / (mm/dd/yyyy) |
|---|---|---|
| | Relationship | |

| Name and Address | Social Security No. | Date of Birth / / (mm/dd/yyyy) |
|---|---|---|
| | Relationship | |

| Name and Address | Social Security No. | Date of Birth / / (mm/dd/yyyy) |
|---|---|---|
| | Relationship | |

| Name and Address | Social Security No. | Date of Birth / / (mm/dd/yyyy) |
|---|---|---|
| | Relationship | |

## Item 6.  Employment Information/Employment Income

Provide the following information for this year-to-date and for each of the previous five full years, for each business entity of which you were a director, officer, member, partner, employee (including self-employment), agent, owner, shareholder, contractor, participant or consultant at any time during that period.  "Income" includes, but is not limited to, any salary, commissions, distributions, draws, consulting fees, loans, loan payments, dividends, royalties, and benefits for which you did not pay (e.g., health insurance premiums, automobile lease or loan payments) received by you or anyone else on your behalf.

| Company Name and Address | Dates Employed | | Income Received: This year to date |
|---|---|---|---|
| | From (Month/Year) / | To (Month/Year) / | Year        Income |
| Ownership Interest?  ☐ Yes ☐ No | | | 20          $ |
| Positions Held | From (Month/Year) | To (Month/Year) | $ |
| | / | / | $ |
| | / | / | $ |
| | / | / | $ |
| | | | $ |

| Company Name and Address | Dates Employed | | Income Received: This year to date |
|---|---|---|---|
| | From (Month/Year) / | To (Month/Year) / | Year        Income |
| Ownership Interest?  ☐ Yes ☐ No | | | 20          $ |
| Positions Held | From (Month/Year) | To (Month/Year) | $ |
| | / | / | $ |
| | / | / | $ |
| | / | / | $ |
| | | | $ |

| Company Name and Address | Dates Employed | | Income Received: This year to date |
|---|---|---|---|
| | From (Month/Year) / | To (Month/Year) / | Year        Income |
| Ownership Interest?  ☐ Yes ☐ No | | | 20          $ |
| Positions Held | From (Month/Year) | To (Month/Year) | $ |
| | / | / | $ |
| | / | / | $ |
| | / | / | $ |

Initials: _____

**Item 7.  Pending Lawsuits Filed By or Against You or Your Spouse**

List all pending lawsuits that have been filed by or against you or your spouse in any court or before an administrative agency in the United States or in any foreign country or territory.  *Note:  At Item 12, list lawsuits that resulted in final judgments or settlements in your favor.  At Item 21, list lawsuits that resulted in final judgments or settlements against you.*

| Caption of Proceeding | Court or Agency and Location | Case No. | Nature of Proceeding | Relief Requested | Status or Disposition |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**Item 8.  Safe Deposit Boxes**

List all safe deposit boxes, located within the United States or in any foreign country or territory, whether held individually or jointly and whether held by you, your spouse, or any of your dependents, or held by others for the benefit of you, your spouse, or any of your dependents.

| Name of Owner(s) | Name & Address of Depository Institution | Box No. | Contents |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

Initials: _____

Attachment A

## FINANCIAL INFORMATION

**REMINDER:** When an item asks for information regarding your "assets" and "liabilities" include ALL assets and liabilities, located within the United States or in any foreign country or territory, or institution, whether held individually or jointly, and whether held by you, your spouse, or any of your dependents, or held by others for the benefit of you, your spouse, or any of your dependents. In addition, provide all documents requested in Item 24 with your completed Financial Statement.

## ASSETS

### Item 9.  Cash, Bank, and Money Market Accounts

List cash on hand (as opposed to cash in bank accounts or other financial accounts) and all bank accounts, money market accounts, or other financial accounts, including but not limited to checking accounts, savings accounts, and certificates of deposit. The term "cash on hand" includes but is not limited to cash in the form of currency, uncashed checks, and money orders.

| a. Amount of Cash on Hand  $ | Form of Cash on Hand | | |
|---|---|---|---|
| **b. Name on Account** | **Name & Address of Financial Institution** | **Account No.** | **Current Balance** |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |

### Item 10.  Publicly Traded Securities

List all publicly traded securities, including but not limited to, stocks, stock options, corporate bonds, mutual funds, U.S. government securities (including but not limited to treasury bills and treasury notes), and state and municipal bonds. Also list any U.S. savings bonds.

| Owner of Security | Issuer | Type of Security | No. of Units Owned |
|---|---|---|---|
| Broker House, Address | Broker Account No. | | |
| | Current Fair Market Value  $ | Loan(s) Against Security  $ | |
| Owner of Security | Issuer | Type of Security | No. of Units Owned |
| Broker House, Address | Broker Account No. | | |
| | Current Fair Market Value  $ | Loan(s) Against Security  $ | |
| Owner of Security | Issuer | Type of Security | No. of Units Owned |
| Broker House, Address | Broker Account No. | | |
| | Current Fair Market Value  $ | Loan(s) Against Security  $ | |

Initials: _____

Attachment A

## Item 11. Non-Public Business and Financial Interests

List all non-public business and financial interests, including but not limited to any interest in a non-public corporation, subchapter-S corporation, limited liability corporation ("LLC"), general or limited partnership, joint venture, sole proprietorship, international business corporation or personal investment corporation, and oil or mineral lease.

| Entity's Name & Address | Type of Business or Financial Interest (e.g., LLC, partnership) | Owner (e.g., self, spouse) | Ownership % | If Officer, Director, Member or Partner, Exact Title |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

## Item 12. Amounts Owed to You, Your Spouse, or Your Dependents

| Debtor's Name & Address | Date Obligation Incurred (Month/Year) / | Original Amount Owed $ | Nature of Obligation (if the result of a final court judgment or settlement, provide court name and docket number) |
|---|---|---|---|
| | Current Amount Owed $ | Payment Schedule $ | |
| Debtor's Telephone | Debtor's Relationship to You | | |
| Debtor's Name & Address | Date Obligation Incurred (Month/Year) / | Original Amount Owed $ | Nature of Obligation (if the result of a final court judgment or settlement, provide court name and docket number) |
| | Current Amount Owed $ | Payment Schedule $ | |
| Debtor's Telephone | Debtor's Relationship to You | | |

## Item 13. Life Insurance Policies

List all life insurance policies (including endowment policies) with any cash surrender value.

| Insurance Company's Name, Address, & Telephone No. | Beneficiary | Policy No. | Face Value $ |
|---|---|---|---|
| | Insured | Loans Against Policy $ | Surrender Value $ |
| Insurance Company's Name, Address, & Telephone No. | Beneficiary | Policy No. | Face Value $ |
| | Insured | Loans Against Policy $ | Surrender Value $ |

## Item 14. Deferred Income Arrangements

List all deferred income arrangements, including but not limited to, deferred annuities, pensions plans, profit-sharing plans, 401(k) plans, IRAs, Keoghs, other retirement accounts, and college savings plans (e.g., 529 Plans).

| Trustee or Administrator's Name, Address & Telephone No. | Name on Account | | Account No. | |
|---|---|---|---|---|
| | Date Established / / (mm/dd/yyyy) | Type of Plan | Surrender Value before Taxes and Penalties $ | |
| Trustee or Administrator's Name, Address & Telephone No. | Name on Account | | Account No. | |
| | Date Established / / | Type of Plan | Surrender Value before Taxes and Penalties $ | |

Initials: _____

## Item 15. Pending Insurance Payments or Inheritances
List any pending insurance payments or inheritances owed to you.

| Type | Amount Expected | Date Expected (mm/dd/yyyy) |
|---|---|---|
| | $ | / / |
| | $ | / / |
| | $ | / / |

## Item 16. Vehicles
List all cars, trucks, motorcycles, boats, airplanes, and other vehicles.

| Vehicle Type | Year | Registered Owner's Name | Purchase Price $ | Original Loan Amount $ | Current Balance $ |
|---|---|---|---|---|---|
| Make | | Registration State & No. | Account/Loan No. | Current Value $ | Monthly Payment $ |
| Model | | Address of Vehicle's Location | Lender's Name and Address | | |

| Vehicle Type | Year | Registered Owner's Name | Purchase Price $ | Original Loan Amount $ | Current Balance $ |
|---|---|---|---|---|---|
| Make | | Registration State & No. | Account/Loan No. | Current Value $ | Monthly Payment $ |
| Model | | Address of Vehicle's Location | Lender's Name and Address | | |

| Vehicle Type | Year | Registered Owner's Name | Purchase Price $ | Original Loan Amount $ | Current Balance $ |
|---|---|---|---|---|---|
| Make | | Registration State & No. | Account/Loan No. | Current Value $ | Monthly Payment $ |
| Model | | Address of Vehicle's Location | Lender's Name and Address | | |

| Vehicle Type | Year | Registered Owner's Name | Purchase Price $ | Original Loan Amount $ | Current Balance $ |
|---|---|---|---|---|---|
| Make | | Registration State & No. | Account/Loan No. | Current Value $ | Monthly Payment $ |
| Model | | Address of Vehicle's Location | Lender's Name and Address | | |

## Item 17. Other Personal Property
List all other personal property not listed in Items 9-16 by category, whether held for personal use, investment or any other reason, including but not limited to coins, stamps, artwork, gemstones, jewelry, bullion, other collectibles, copyrights, patents, and other intellectual property.

| Property Category (e.g., artwork, jewelry) | Name of Owner | Property Location | Acquisition Cost | Current Value |
|---|---|---|---|---|
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |

Initials: _____

## Item 18. Real Property

List all real property interests (including any land contract).

| Property's Location | Type of Property | Name(s) on Title or Contract and Ownership Percentages | |
|---|---|---|---|

| Acquisition Date (mm/dd/yyyy) / / | Purchase Price $ | Current Value $ | Basis of Valuation |
|---|---|---|---|

| Lender's Name and Address | Loan or Account No. | Current Balance On First Mortgage or Contract $ |
|---|---|---|
| | | Monthly Payment $ |

| Other Mortgage Loan(s) (describe) | Monthly Payment $ | ☐ Rental Unit |
|---|---|---|
| | Current Balance $ | Monthly Rent Received $ |

| Property's Location | Type of Property | Name(s) on Title or Contract and Ownership Percentages | |
|---|---|---|---|

| Acquisition Date (mm/dd/yyyy) / / | Purchase Price $ | Current Value $ | Basis of Valuation |
|---|---|---|---|

| Lender's Name and Address | Loan or Account No. | Current Balance On First Mortgage or Contract $ |
|---|---|---|
| | | Monthly Payment $ |

| Other Mortgage Loan(s) (describe) | Monthly Payment $ | ☐ Rental Unit |
|---|---|---|
| | Current Balance $ | Monthly Rent Received $ |

## LIABILITIES

## Item 19. Credit Cards

List each credit card account held by you, your spouse, or your dependents, and any other credit cards that you, your spouse, or your dependents use, whether issued by a United States or foreign financial institution.

| Name of Credit Card (e.g., Visa, MasterCard, Department Store) | Account No. | Name(s) on Account | Current Balance |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |

## Item 20. Taxes Payable

List all taxes, such as income taxes or real estate taxes, owed by you, your spouse, or your dependents.

| Type of Tax | Amount Owed | Year Incurred |
|---|---|---|
| | $ | |
| | $ | |
| | $ | |

Initials: _____

### Item 21. Other Amounts Owed by You, Your Spouse, or Your Dependents

List all other amounts, not listed elsewhere in this financial statement, owed by you, your spouse, or your dependents.

| Lender/Creditor's Name, Address, and Telephone No. | Nature of Debt (if the result of a court judgment or settlement, provide court name and docket number) | | |
|---|---|---|---|
| | Lender/Creditor's Relationship to You | | |
| Date Liability Was Incurred<br>/  /<br>(mm/dd/yyyy) | Original Amount Owed<br>$ | Current Amount Owed<br>$ | Payment Schedule |
| Lender/Creditor's Name, Address, and Telephone No. | Nature of Debt (if the result of a court judgment or settlement, provide court name and docket number) | | |
| | Lender/Creditor's Relationship to You | | |
| Date Liability Was Incurred<br>/  /<br>(mm/dd/yyyy) | Original Amount Owed<br>$ | Current Amount Owed<br>$ | Payment Schedule |

## OTHER FINANCIAL INFORMATION

### Item 22. Trusts and Escrows

List all funds and other assets that are being held in trust or escrow by any person or entity for you, your spouse, or your dependents. Include any legal retainers being held on your behalf by legal counsel. Also list all funds or other assets that are being held in trust or escrow by you, your spouse, or your dependents, for any person or entity.

| Trustee or Escrow Agent's Name & Address | Date Established<br>(mm/dd/yyyy) | Grantor | Beneficiaries | Present Market Value of Assets* |
|---|---|---|---|---|
| | /  / | | | $ |
| | /  / | | | $ |
| | /  / | | | $ |

*If the market value of any asset is unknown, describe the asset and state its cost, if you know it.

### Item 23. Transfers of Assets

List each person or entity to whom you have transferred, in the aggregate, more than $5,000 in funds or other assets during the previous five years by loan, gift, sale, or other transfer (exclude ordinary and necessary living and business expenses paid to unrelated third parties). For each such person or entity, state the total amount transferred during that period.

| Transferee's Name, Address, & Relationship | Property Transferred | Aggregate Value* | Transfer Date<br>(mm/dd/yyyy) | Type of Transfer<br>(e.g., Loan, Gift) |
|---|---|---|---|---|
| | | $ | /  / | |
| | | $ | /  / | |
| | | $ | /  / | |

*If the market value of any asset is unknown, describe the asset and state its cost, if you know it.

Initials: _____

## Item 24.  Document Requests
Provide copies of the following documents with your completed Financial Statement.

|  | Federal tax returns filed during the last three years by or on behalf of you, your spouse, or your dependents. |
|---|---|
|  | All applications for bank loans or other extensions of credit (other than credit cards) that you, your spouse, or your dependents have submitted within the last two years, including by obtaining copies from lenders if necessary. |
| Item 9 | For each bank account listed in Item 9, all account statements for the past 3 years. |
| Item 11 | For each business entity listed in Item 11, provide (including by causing to be generated from accounting records) the most recent balance sheet, tax return, annual income statement, the most recent year-to-date income statement, and all general ledger files from account records. |
| Item 17 | All appraisals that have been prepared for any property listed in Item 17, including appraisals done for insurance purposes.  You may exclude any category of property where the total appraised value of all property in that category is less than $2,000. |
| Item 18 | All appraisals that have been prepared for real property listed in Item 18. |
| Item 21 | Documentation for all debts listed in Item 21. |
| Item 24 | All executed documents for any trust or escrow listed in Item 22.  Also provide any appraisals, including insurance appraisals that have been done for any assets held by any such trust or in any such escrow. |

## SUMMARY FINANCIAL SCHEDULES

### Item 25.  Combined Balance Sheet for You, Your Spouse, and Your Dependents

| Assets |  | Liabilities |  |
|---|---|---|---|
| Cash on Hand (Item 9) | $ | Loans Against Publicly Traded Securities (Item 10) | $ |
| Funds Held in Financial Institutions (Item 9) | $ | Vehicles - Liens (Item 16) | $ |
| U.S. Government Securities (Item 10) | $ | Real Property – Encumbrances (Item 18) | $ |
| Publicly Traded Securities (Item 10) | $ | Credit Cards (Item 19) | $ |
| Non-Public Business and Financial Interests (Item 11) | $ | Taxes Payable (Item 20) | $ |
| Amounts Owed to You (Item 12) | $ | Amounts Owed by You (Item 21) | $ |
| Life Insurance Policies (Item 13) | $ | Other Liabilities (Itemize) |  |
| Deferred Income Arrangements (Item 14) | $ |  | $ |
| Vehicles (Item 16) | $ |  | $ |
| Other Personal Property (Item 17) | $ |  | $ |
| Real Property (Item 18) | $ |  | $ |
| Other Assets (Itemize) |  |  | $ |
|  | $ |  | $ |
|  | $ |  | $ |
|  | $ |  | $ |
| Total Assets | $ | Total Liabilities | $ |

### Item 26.  Combined Current Monthly Income and Expenses for You, Your Spouse, and Your Dependents
Provide the current monthly income and expenses for you, your spouse, and your dependents.  Do not include credit card payments separately; rather, include credit card expenditures in the appropriate categories.

| Income (State source of each item) |  | Expenses |  |
|---|---|---|---|
| Salary - After Taxes<br>Source: | $ | Mortgage or Rental Payments for Residence(s) | $ |
| Fees, Commissions, and Royalties<br>Source: | $ | Property Taxes for Residence(s) | $ |
| Interest<br>Source: | $ | Rental Property Expenses, Including Mortgage Payments, Taxes, and Insurance | $ |
| Dividends and Capital Gains<br>Source: | $ | Car or Other Vehicle Lease or Loan Payments | $ |
| Gross Rental Income<br>Source: | $ | Food Expenses | $ |
| Profits from Sole Proprietorships<br>Source: | $ | Clothing Expenses | $ |
| Distributions from Partnerships, S-Corporations, and LLCs<br>Source: | $ | Utilities | $ |

Initials: _____

| Item 27.  Combined Current Monthly Income and Expenses for You, Your Spouse, and Your Dependents (cont.) | | | | | |
|---|---|---|---|---|---|
| Distributions from Trusts and Estates<br>Source: | $ | | Medical Expenses, Including Insurance | | $ |
| Distributions from Deferred Income Arrangements<br>Source: | $ | | Other Insurance Premiums | | $ |
| Social Security Payments | $ | | Other Transportation Expenses | | $ |
| Alimony/Child Support Received | $ | | **Other Expenses (Itemize)** | | |
| Gambling Income | $ | | | | $ |
| **Other Income (Itemize)** | | | | | $ |
| | $ | | | | $ |
| | $ | | | | $ |
| | $ | | | | $ |
| **Total Income** | $ | | **Total Expenses** | | $ |

| ATTACHMENTS |
|---|

| Item 28.  Documents Attached to this Financial Statement<br>List all documents that are being submitted with this financial statement. | |
|---|---|
| Item No. Document Relates To | Description of Document |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

I am submitting this financial statement with the understanding that it may affect action by the Federal Trade Commission or a federal court.  I have used my best efforts to obtain the information requested in this statement.  The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge.  I have provided all requested documents in my custody, possession, or control.  I know of the penalties for false statements under 18 U.S.C. § 1001, 18 U.S.C. § 1621, and 18 U.S.C. § 1623 (five years imprisonment and/or fines).  I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.


Executed on:

_____
(Date)

_____
Signature

Attachment A